**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | John Yousefzai |
| Debtor 2 (Spouse, if filing) | Armanouhi Arzomanian |
| United States Bankruptcy Court for the: | Northern District of Illinois |
| Case number | 15-34697 |

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

The Huntington National Bank
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor  FirstMerit Bank, N.A.

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| William J. Factor, FactorLaw<br>Name | Name |
| 105 W. Madison St., Suite 1500<br>Number    Street | Number    Street |
| Chicago          IL          60602<br>City          State          ZIP Code | City          State          ZIP Code |
| Contact phone  312-878-6146 | Contact phone |
| Contact email  wfactor@wfactorlaw.com | Contact email |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____   Filed on ____ / ____ / _____
                                                                                                          MM  /  DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing?  _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

---

**7. How much is the claim?**   $_____859,321.45   **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned/judgment (see attached statement)

---

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☑ Other. Describe:   Recorded judgment liens (see attached statement)

**Basis for perfection:**   Recorded in county recorders' offices

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____TBD

**Amount of the claim that is secured:**   $_____TBD

**Amount of the claim that is unsecured:**   $_____TBD (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) 9.00 %

☑ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).     $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).     $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).     $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).     $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).     $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.     $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/10/2021
       MM / DD / YYYY

   /s/ William J. Factor
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | William J. Factor | | |
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | FactorLaw | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 105 W. Madison St., Suite 1500 | | |
| | Number     Street | | |
| | Chicago | IL | 60602 |
| | City | State | ZIP Code |
| Contact phone | 312-878-6146 | Email | wfactor@wfactorlaw.com |

## ATTACHMENT TO PROOF OF CLAIM

This attachment further explains the basis for the claim referenced on the preceding Proof of Claim filed by The Huntington National Bank ("***Huntington***").

1.   On February 5, 2015, judgment was entered in favor of FirstMerit Bank N.A., ("***FirstMerit***") and against John Yousefzai and Armanouhi Arzomanian (the "***Debtors***"), jointly and severally, in the amount of $806,419.46 (the "***Judgment***") in the case of *FirstMerit Bank, N.A., v. John Yousefzai, et al.,* case no. 12 CH 704, then pending in the Circuit Court of Lake County, Illinois. A copy of the Judgment is attached as __**Exhibit 1**__.

2.   Effective as of August 16, 2016, FirstMerit Bank, N.A. merged with Huntington.  Attached as __**Exhibit 2**__ is the Certification of Office of Comptroller of Currency authorizing the merger and the resulting bank title of "The Huntington National Bank".

3.   As of the date the Debtors filed their bankruptcy petition, the following amounts were due and owing to Huntington on account of the Judgment:

| | |
|---|---|
| Principal: | $806,419.46 |
| Statutory post-judgment interest: | $49,511.95 |
| Post-Judgment expenses | $890.04 |
| Attorneys' fees: | $2,500.00 |
| Total: | $859,321.45 |

4.   FirstMerit, predecessor-in-interest to Huntington, recorded the following judgment liens against the Debtors, thereby perfecting liens on all real property owned by the Debtors in Cook and Lake Counties, Illinois. Copies of the recorded judgment liens are attached __**Group Exhibit 3**__.

| Date of Recording | Recorded Against | County of Recoding |
|---|---|---|
| April 9, 2015 | John Yousefzai | Cook County, Illinois |
| April 9, 2015 | Armanouhi Arzomanian | Cook County, Illinois |
| May 11, 2015 | John Yousefzai | Lake County, Illinois |
| May 11, 2015 | Armanouhi Arzomanian | Lake County, Illinois |

5.   On March 10, 2015, FirstMerit, predecessor-in-interest to Huntington, issued citations to discover assets to the Debtors (the "***Citations***").  On March 23, 2015, the Debtors were served with the Citations, thereby perfecting a lien on all the Debtors' personal property and interests in property.  As of the petition date, the Citations remained in full force and effect.  Copies of the Citations are attached as **Group Exhibit 4**.

6.   ***Reservation of Rights.*** Huntington reserves the right to amend, modify, supplement or withdraw its Proof of Claim. By preparing, signing and/or filing the Proof of Claim, or taking any action in connection with the Proof of Claim, Huntington is not and does not intend to: (a) in any manner whatsoever, waive or relinquish any rights Huntington may have against the Debtor for all or any part of the matters set forth herein; (b) consent to the jurisdiction of the Bankruptcy Court with respect to any proceedings commenced in this case; (c) waive the right to withdraw the reference with respect to any objection, case or proceeding; or (d) elect any remedy which waives or otherwise affects any other remedy.

# Exhibit 1

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS – CHANCERY DIVISION**



FIRSTMERIT BANK, N.A., as successor-in-
interest to the Federal Deposit Insurance
Corporation, as Receiver for Midwest Bank
and Trust Company,

                Plaintiff,

      v.

JOHN YOUSEFZAI, ARMANOUHI
ARZOMANIAN, MINI-MART, INC.,
NOROUZ ENTERPRISES, INC., F S GAS &
FOOD MART, INC., UNKNOWN OWNERS
and NON-RECORD CLAIMANTS,

              Defendants.

FILED

FEB 05 2015

*Keith Brin*
CIRCUIT CLERK

Case No. 12 CH 704

41490 U.S. Highway 41
Wadsworth, Illinois 60083

## ORDER APPROVING REPORT OF SALE AND DISTRIBUTION, CONFIRMING SALE, AND ORDER FOR POSSESSION

THIS CAUSE comes to be heard on the motion of FirstMerit Bank N.A., as successor-in-interest to the Federal Deposit Insurance Corporation, as Receiver for Midwest Bank and Trust Company ("FirstMerit" or "Mortgagee"), for the entry of an Order pursuant to 735 ILCS 5/15-1508 approving the Report of Sale and Distribution (the "Report"), and confirming the foreclosure sale (the "Sale") of the mortgaged real estate (hereinafter described as the "Property") that is the subject of the matter captioned above.

    1.    The Property is legally described as follows:

THAT PART OF LOTS 10 AND 11 (TAKEN AS A TRACT) IN SCHOOL TRUSTEES' SUBDIVISION OF SECTION 16, TOWNSHIP 46 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: BEGINNING AT THE INTERSECTION OF A LINE WHICH IS 80 FEET WEST (AS MEASURED NORMAL TO) THE CENTERLINE OF SKOKIE HIGHWAY AS DEDICATED BY DOCUMENT 406898 RECORDED DECEMBER 5, 1934, WITH THE NORTH LINE OF SAID LOT 10; THENCE WEST ALONG THE NORTH LINE OF SAID LOTS 10 AND 11, A DISTANCE OF 220 FEET (220.57 FEET MEASURED) TO A POINT 300 FEET NORMAL TO AND WEST OF THE CENTER LINE OF SKOKIE HIGHWAY; THENCE SOUTH ALONG A LINE DRAWN PARALLEL WITH THE CENTER LINE OF SKOKIE HIGHWAY, A DISTANCE OF 249 FEET TO A POINT; THENCE WEST ALONG A LINE DRAWN PARALLEL WITH THE NORTH LINE OF SAID LOTS 10 AND 11, A DISTANCE OF 90 FEET (90.24 FEET MEASURED) TO A POINT ON A LINE 390 FEET NORMAL TO

AND WEST OF THE CENTER LINE OF SKOKIE HIGHWAY; THENCE SOUTH ALONG A LINE DRAWN PARALLEL WITH THE CENTER LINE OF SKOKIE HIGHWAY, A DISTANCE OF 76.85 FEET TO A POINT ON A LINE 325.0 FEET NORMAL TO AND SOUTH OF THE NORTH LINE OF SAID LOTS 10 AND 11; THENCE EAST ALONG SAID LINE DRAWN PARALLEL WITH THE NORTH LINE OF SAID LOTS 10 AND 11, A DISTANCE OF 310.81 FEET TO THE WEST LINE OF SKOKIE HIGHWAY; THENCE NORTH ALONG THE WEST LINE OF SKOKIE HIGHWAY, A DISTANCE OF 245.37 FEET TO A POINT OF CURVATURE IN SAID LINE; THENCE NORTHWESTERLY ALONG A CURVED LINE CONCAVE SOUTHWESTERLY, HAVING A RADIUS OF 52.79 FEET, AN ARC DISTANCE OF 79.19 FEET TO A POINT 40 FEET SOUTH OF THE CENTER LINE OF ILLINOIS ROUTE 173 AS DEDICATED BY DOCUMENT 340057 RECORDED JULY 16, 1929; THENCE EAST PARALLEL WITH THE CENTER LINE OF ILLINOIS ROUTE 173, A DISTANCE OF 49.18 FEET TO A POINT ON A LINE 80.0 FEET WEST (AS MEASURED NORMAL TO) THE CENTER LINE OF SKOKIE HIGHWAY; THENCE NORTH PARALLEL WITH THE CENTER LINE OF SAID SKOKIE HIGHWAY, A DISTANCE OF 31.30 FEET TO THE POINT OF BEGINNING, (EXCEPT THAT PART THEREOF TAKEN BY THE ILLINOIS DEPARTMENT OF TRANSPORTATION IN CONDEMNATION CASE NO. 94ED 19) IN LAKE COUNTY, ILLINOIS;

Property Index Number: 03-16-400-009, 03-16-400-010, 03-16-400-011, 03-16-400-012, 03-16-400-031;

Commonly known as 41490 US Highway 41, Wadsworth, Illinois 60083.

2.      The Property is improved with a gas station.

3.      The Property was last inspected by the court-appointed receiver on October 23, 2014.

Due notice of this motion having been given, the Court, having examined the Report, and being fully advised in the premises, **FINDS AS FOLLOWS**:

A.      That all notices required by Section 1507(c) of the Illinois Mortgage Foreclosure Law ("IMFL") (735 ILCS 5/15-1507(c)) were given;

B.      That the Property is not "Residential Property" at the term is defined in Section 15-1219 of the IMFL (735 ILCS 5/15-1219);

C.      That the right to redemption has been waived pursuant to the mortgage.

D.      That this Court obtained personal jurisdiction over those defendants who are personally liable to the Plaintiff for the deficiency, if any, from the Sale;

E.    That the Sale was fairly and properly made;

F.    That the Sheriff of Lake County has in every respect proceeded in accordance with the terms of this Court's Judgment of Foreclosure;

G.    That the successful third-party bidder, Tajuddin Lakhani, or his assigns, is entitled to a deed of conveyance and possession of the Property; and

H.    That justice was done.

**IT IS THEREFORE ORDERED:**

1.    That the Sale of the Property and the Report are hereby approved, ratified, and confirmed;

2.    That the proceeds of the Sale be distributed in accordance with the Report;

3.    That Plaintiff's advances, fees, and costs arising between the entry of the Judgment of Foreclosure and Sale and the date of the Sale, if any, are approved, ratified, and confirmed;

4.    That the proceeds of the Sale were insufficient to satisfy this Court's Judgment of Foreclosure;

5.    That there shall be an *in personam* deficiency judgment entered in favor of Plaintiff and against John Yousefzai and Armanouhi Arzomanian (the "Mortgagors"), jointly and severally, in the sum of **$806,419.46**, with interest thereon as provided by statute, as provided by Section 1508(e) of the IMFL (735 ILCS 5/15-1508(e)); and

6.    That upon confirmation herein and upon request by Plaintiff, and provided that all required payments have been made pursuant to Section 1509(a) of the IMFL, 735 ILCS 5/15-1509(a), the Sheriff of Lake County shall execute and deliver to Tajuddin Lakhani, or his assigns, a deed sufficient to convey title to the Property.

**IT IS FURTHER ORDERED:**

7.    That 735 ILCS 5/9-117 is not applicable to this Order entered pursuant to Article 15 of the IMFL;

8.    That the successful bidder, Tajuddin Lakhani, or his assigns, is entitled to, and shall have possession of, the Property from the entry of this Order, without further Order of the Court, as provided in Section 15-1701 of the IMFL (735 ILCS 5/15-1701);

9.    That in the event possession is withheld, the Sheriff of Lake County is directed to evict and dispossess John Yousefzai, Armanouhi Arzomanian, Mini-Mart, Inc., Norouz

Enterprise, Inc., and F S Gas & Food Mart, Inc. from the Property commonly known as 41490 US Highway 41, Wadsworth, Illinois 60083 without a Supplemental Order of Possession or an order from the Forcible Entry and Detainer Court.

10.     That no occupants other than those named in this Order of Possession may be evicted without a Supplemental Order of Possession or an order from the Forcible Entry and Detainer Court.

11.     That Plaintiff shall mail a copy of this Order within seven (7) days to the last known address of the Mortgagors; and

12.     The Municipality or County may contact the following with concerns about the Property:

Tajuddin Lakhani
3501 Cornflower Trail
Northbrook, IL 60062
312-502-4824 (ph)
847-336-5019 (fx)

ENTER:

Luis A. Berrones
_____
Judge

Date: _____, 2015

Prepared by:
Name:              Brianna M. Sansone (#6298677)
                   Aronberg Goldgehn
Atty. for:         Plaintiff
Address:           330 N. Wabash Ave, Suite 1700
City/State/Zip:    Chicago, Illinois 60611
Telephone:         (312) 828-9600

# Exhibit 2

{00014788}

 **Office of the Comptroller of the Currency**

Central District
One Financial Place
440 S. LaSalle St., Suite 2700
Chicago, IL 60605

August 16, 2016

Mr. Jeffrey A. Watiker, Attorney
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019-6150

Re:    Application for the merger of FirstMerit Bank, N.A., Akron, Ohio with and into
The Huntington National Bank, Columbus, Ohio, Charter No.: 7745,
OCC Application Number: 2016-CE-Combination-146880;
2016-CE-BranchNew-14348; and 2016-CE-BranchNew-147331

Dear Mr. Watiker:

This letter is the official certification of the Comptroller of the Currency (OCC) for FirstMerit
Bank, N.A., Akron, Ohio, OCC Charter Number 14579, to merge with The Huntington National
Bank, Columbus, Ohio, OCC Charter Number 7745, effective on August 16, 2016. The
resulting bank title is The Huntington National Bank, Columbus, Ohio, OCC Charter Number
7745.

This letter is also the official authorization of the OCC allowing the receiving institution to
operate the main office and branches of the target bank as branches of the receiving institution.
A listing of each newly authorized branch and its assigned OCC branch number is attached.

Please address any questions regarding this transaction to the undersigned at ███████████ or
Director for District Licensing Nancy M. Sundstrom at ███████████.

Sincerely,

Kimberly M. Lynch
Senior Licensing Analyst

# Exhibit 3

Memorandum of Judgment

IN THE CIRCUIT COURT OF
LAKE COUNTY, ILLINOIS

FirstMerit Bank, N.A.,

v.

John Yousefzai, Armanouhi
Arzomanian; *et al.*



Doc#: 1509919098 Fee: $48.00
Karen A.Yarbrough
Cook County Recorder of Deeds
Date: 04/09/2015 02:06 PM Pg: 1 of 6

Recorder's Stamp

### Case No. 12 CH 704

### NOTICE OF JUDGEMENT LIEN

On February 5, 2015, a judgment in the amount of $806,419.46 was entered in the Circuit Court of Lake County in favor of plaintiff FirstMerit Bank, N.A. and against defendant John Yousefzai, whose last known address is 1130 Ashland Ave., Wilmette, IL 60091. A certified copy of the judgment order is attached hereto. This judgment is to be recorded against the individual, John Yousefzai, and is not to be indexed against the legal description or PIN in the attached order.

**PREPARED BY:**
**Sara E. Lorber, Law Office of William J. Factor, Ltd.**
**Atty No. 45665**
**Attorney for Plaintiff**
**105 W. Madison St., Suite 1500**
**Chicago, IL 60602**
**Tel: 847-239-7248**

**MAIL TO:**
**The Law Office of William J. Factor, Ltd.**
**105 W. Madison St., Suite 1500**
**Chicago, IL 60602**

{00030155}

CCRD REVIEWER

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS – CHANCERY DIVISION

FILED

FEB 05 2015

*Keith Brin*
CIRCUIT CLERK

| | |
|---|---|
| FIRSTMERIT BANK, N.A., as successor-in-interest to the Federal Deposit Insurance Corporation, as Receiver for Midwest Bank and Trust Company, | |
| Plaintiff, | Case No. 12 CH 704 |
| v. | 41490 U.S. Highway 41 Wadsworth, Illinois 60083 |
| JOHN YOUSEFZAI, ARMANOUHI ARZOMANIAN, MINI-MART, INC., NOROUZ ENTERPRISES, INC., F S GAS & FOOD MART, INC., UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | |
| Defendants. | |

**ORDER APPROVING REPORT OF SALE AND DISTRIBUTION,
CONFIRMING SALE, AND ORDER FOR POSSESSION**

THIS CAUSE comes to be heard on the motion of FirstMerit Bank N.A., as successor-in-interest to the Federal Deposit Insurance Corporation, as Receiver for Midwest Bank and Trust Company ("FirstMerit" or "Mortgagee"), for the entry of an Order pursuant to 735 ILCS 5/15-1508 approving the Report of Sale and Distribution (the "Report"), and confirming the foreclosure sale (the "Sale") of the mortgaged real estate (hereinafter described as the "Property") that is the subject of the matter captioned above.

1.    The Property is legally described as follows:

THAT PART OF LOTS 10 AND 11 (TAKEN AS A TRACT) IN SCHOOL TRUSTEES' SUBDIVISION OF SECTION 16, TOWNSHIP 46 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: BEGINNING AT THE INTERSECTION OF A LINE WHICH IS 80 FEET WEST (AS MEASURED NORMAL TO) THE CENTERLINE OF SKOKIE HIGHWAY AS DEDICATED BY DOCUMENT 406898 RECORDED DECEMBER 5, 1934, WITH THE NORTH LINE OF SAID LOT 10; THENCE WEST ALONG THE NORTH LINE OF SAID LOTS 10 AND 11, A DISTANCE OF 220 FEET (220.57 FEET MEASURED) TO A POINT 300 FEET NORMAL TO AND WEST OF THE CENTER LINE OF SKOKIE HIGHWAY; THENCE SOUTH ALONG A LINE DRAWN PARALLEL WITH THE CENTER LINE OF SKOKIE HIGHWAY, A DISTANCE OF 249 FEET TO A POINT; THENCE WEST ALONG A LINE DRAWN PARALLEL WITH THE NORTH LINE OF SAID LOTS 10 AND 11, A DISTANCE OF 90 FEET (90.24 FEET MEASURED) TO A POINT ON A LINE 390 FEET NORMAL TO

AND WEST OF THE CENTER LINE OF SKOKIE HIGHWAY; THENCE SOUTH ALONG A LINE DRAWN PARALLEL WITH THE CENTER LINE OF SKOKIE HIGHWAY, A DISTANCE OF 76.85 FEET TO A POINT ON A LINE 325.0 FEET NORMAL TO AND SOUTH OF THE NORTH LINE OF SAID LOTS 10 AND 11; THENCE EAST ALONG SAID LINE DRAWN PARALLEL WITH THE NORTH LINE OF SAID LOTS 10 AND 11, A DISTANCE OF 310.81 FEET TO THE WEST LINE OF SKOKIE HIGHWAY; THENCE NORTH ALONG THE WEST LINE OF SKOKIE HIGHWAY, A DISTANCE OF 245.37 FEET TO A POINT OF CURVATURE IN SAID LINE; THENCE NORTHWESTERLY ALONG A CURVED LINE CONCAVE SOUTHWESTERLY, HAVING A RADIUS OF 52.79 FEET, AN ARC DISTANCE OF 79.19 FEET TO A POINT 40 FEET SOUTH OF THE CENTER LINE OF ILLINOIS ROUTE 173 AS DEDICATED BY DOCUMENT 340057 RECORDED JULY 16, 1929; THENCE EAST PARALLEL WITH THE CENTER LINE OF ILLINOIS ROUTE 173, A DISTANCE OF 49.18 FEET TO A POINT ON A LINE 80.0 FEET WEST (AS MEASURED NORMAL TO) THE CENTER LINE OF SKOKIE HIGHWAY; THENCE NORTH PARALLEL WITH THE CENTER LINE OF SAID SKOKIE HIGHWAY, A DISTANCE OF 31.30 FEET TO THE POINT OF BEGINNING, (EXCEPT THAT PART THEREOF TAKEN BY THE ILLINOIS DEPARTMENT OF TRANSPORTATION IN CONDEMNATION CASE NO. 94ED 19) IN LAKE COUNTY, ILLINOIS;

Property Index Number: 03-16-400-009, 03-16-400-010, 03-16-400-011, 03-16-400-012, 03-16-400-031;

Commonly known as 41490 US Highway 41, Wadsworth, Illinois 60083.

2.     The Property is improved with a gas station.

3.     The Property was last inspected by the court-appointed receiver on October 23, 2014.

Due notice of this motion having been given, the Court, having examined the Report, and being fully advised in the premises, **FINDS AS FOLLOWS**:

A.     That all notices required by Section 1507(c) of the Illinois Mortgage Foreclosure Law ("IMFL") (735 ILCS 5/15-1507(c)) were given;

B.     That the Property is not "Residential Property" at the term is defined in Section 15-1219 of the IMFL (735 ILCS 5/15-1219);

C.     That the right to redemption has been waived pursuant to the mortgage.

D.     That this Court obtained personal jurisdiction over those defendants who are personally liable to the Plaintiff for the deficiency, if any, from the Sale;

2

E.      That the Sale was fairly and properly made;

F.      That the Sheriff of Lake County has in every respect proceeded in accordance with the terms of this Court's Judgment of Foreclosure;

G.      That the successful third-party bidder, Tajuddin Lakhani, or his assigns, is entitled to a deed of conveyance and possession of the Property; and

H.      That justice was done.

**IT IS THEREFORE ORDERED:**

1.      That the Sale of the Property and the Report are hereby approved, ratified, and confirmed;

2.      That the proceeds of the Sale be distributed in accordance with the Report;

3.      That Plaintiff's advances, fees, and costs arising between the entry of the Judgment of Foreclosure and Sale and the date of the Sale, if any, are approved, ratified, and confirmed;

4.      That the proceeds of the Sale were insufficient to satisfy this Court's Judgment of Foreclosure;

5.      That there shall be an *in personam* deficiency judgment entered in favor of Plaintiff and against John Yousefzai and Armanouhi Arzomanian (the "Mortgagors"), jointly and severally, in the sum of **$806,419.46,** with interest thereon as provided by statute, as provided by Section 1508(e) of the IMFL (735 ILCS 5/15-1508(e)); and

6.      That upon confirmation herein and upon request by Plaintiff, and provided that all required payments have been made pursuant to Section 1509(a) of the IMFL, 735 ILCS 5/15-1509(a), the Sheriff of Lake County shall execute and deliver to Tajuddin Lakhani, or his assigns, a deed sufficient to convey title to the Property.

**IT IS FURTHER ORDERED:**

7.      That 735 ILCS 5/9-117 is not applicable to this Order entered pursuant to Article 15 of the IMFL;

8.      That the successful bidder, Tajuddin Lakhani, or his assigns, is entitled to, and shall have possession of, the Property from the entry of this Order, without further Order of the Court, as provided in Section 15-1701 of the IMFL (735 ILCS 5/15-1701);

9.      That in the event possession is withheld, the Sheriff of Lake County is directed to evict and dispossess John Yousefzai, Armanouhi Arzomanian, Mini-Mart, Inc., Norouz

3

Enterprise, Inc., and F S Gas & Food Mart, Inc. from the Property commonly known as 41490 US Highway 41, Wadsworth, Illinois 60083 without a Supplemental Order of Possession or an order from the Forcible Entry and Detainer Court.

10.    That no occupants other than those named in this Order of Possession may be evicted without a Supplemental Order of Possession or an order from the Forcible Entry and Detainer Court.

11.    That Plaintiff shall mail a copy of this Order within seven (7) days to the last known address of the Mortgagors; and

12.    The Municipality or County may contact the following with concerns about the Property:

> Tajuddin Lakhani
> 3501 Cornflower Trail
> Northbrook, IL 60062
> 312-502-4824 (ph)
> 847-336-5019 (fx)

ENTER:

_____
Judge

Date: _____, 2015

Prepared by:
Name:              Brianna M. Sansone (#6298677)
                   Aronberg Goldgehn
Atty. for:         Plaintiff
Address:           330 N. Wabash Ave, Suite 1700
City/State/Zip:    Chicago, Illinois 60611
Telephone:         (312) 828-9600

4

CERTIFICATION

I, Keith Brin, Clerk of the 19th Judicial Circuit Court, Lake County, Illinois, do hereby certify this to be a true and correct copy as it appears from the records and files in my office. IN WITNESS WHEREOF, I have hereunto set my hand and caused to be affixed the Seal of the said Court.

DATE 3/23/15

Keith Brin, Clerk

By
Deputy Clerk

Memorandum of Judgment

IN THE CIRCUIT COURT OF
LAKE COUNTY, ILLINOIS

FirstMerit Bank, N.A.,

v.

John Yousefzai, Armanouhi
Arzomanian; *et al.*



Doc#:  1509919099 Fee: $48.00
Karen A.Yarbrough
Cook County Recorder of Deeds
Date: 04/09/2015 02:07 PM  Pg:  1 of 6

Recorder's Stamp

Case No. 12 CH 704

NOTICE OF JUDGEMENT LIEN

On February 5, 2015, a judgment in the amount of $806,419.46 was entered in the Circuit Court of

Lake County in favor of plaintiff FirstMerit Bank, N.A. and against defendant Armanouhi Arzomanian,

whose last known address is 1130 Ashland Ave., Wilmette, IL 60091. A certified copy of the judgment

order is attached hereto.  This judgment is to be recorded against the individual, Armanouhi

Arzomanian, and is not to be indexed against the legal description or PIN in the attached order.

**PREPARED BY:**
**Sara E. Lorber, Law Office of William J. Factor, Ltd.**
**Atty No. 45665**
**Attorney for Plaintiff**
**105 W. Madison St., Suite 1500**
**Chicago, IL 60602**
**Tel: 847-239-7248**

**MAIL TO:**
**The Law Office of William J. Factor, Ltd.**
**105 W. Madison St., Suite 1500**
**Chicago, IL 60602**

{00030158}

CCRD REVIEWER

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS – CHANCERY DIVISION

FILED

FEB 0 5 2015

*Keith Brin*
CIRCUIT CLERK

FIRSTMERIT BANK, N.A., as successor-in-
interest to the Federal Deposit Insurance
Corporation, as Receiver for Midwest Bank
and Trust Company,

             Plaintiff,

    v.

JOHN YOUSEFZAI, ARMANOUHI
ARZOMANIAN, MINI-MART, INC.,
NOROUZ ENTERPRISES, INC., F S GAS &
FOOD MART, INC., UNKNOWN OWNERS
and NON-RECORD CLAIMANTS,

             Defendants.

Case No.  12 CH 704

41490 U.S. Highway 41
Wadsworth, Illinois 60083

### ORDER APPROVING REPORT OF SALE AND DISTRIBUTION,
### CONFIRMING SALE, AND ORDER FOR POSSESSION

       THIS CAUSE comes to be heard on the motion of FirstMerit Bank N.A., as successor-in-
interest to the Federal Deposit Insurance Corporation, as Receiver for Midwest Bank and Trust
Company ("FirstMerit" or "Mortgagee"), for the entry of an Order pursuant to 735 ILCS 5/15-
1508 approving the Report of Sale and Distribution (the "Report"), and confirming the
foreclosure sale (the "Sale") of the mortgaged real estate (hereinafter described as the
"Property") that is the subject of the matter captioned above.

    1.     The Property is legally described as follows:

THAT PART OF LOTS 10 AND 11 (TAKEN AS A TRACT) IN SCHOOL
TRUSTEES' SUBDIVISION OF SECTION 16, TOWNSHIP 46 NORTH,
RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS
FOLLOWS: BEGINNING AT THE INTERSECTION OF A LINE WHICH IS
80 FEET WEST (AS MEASURED NORMAL TO) THE CENTERLINE OF
SKOKIE HIGHWAY AS DEDICATED BY DOCUMENT 406898 RECORDED
DECEMBER 5, 1934, WITH THE NORTH LINE OF SAID LOT 10; THENCE
WEST ALONG THE NORTH LINE OF SAID LOTS 10 AND 11, A
DISTANCE OF 220 FEET (220.57 FEET MEASURED) TO A POINT 300
FEET NORMAL TO AND WEST OF THE CENTER LINE OF SKOKIE
HIGHWAY; THENCE SOUTH ALONG A LINE DRAWN PARALLEL WITH
THE CENTER LINE OF SKOKIE HIGHWAY, A DISTANCE OF 249 FEET
TO A POINT; THENCE WEST ALONG A LINE DRAWN PARALLEL WITH
THE NORTH LINE OF SAID LOTS 10 AND 11, A DISTANCE OF 90 FEET
(90.24 FEET MEASURED) TO A POINT ON A LINE 390 FEET NORMAL TO

AND WEST OF THE CENTER LINE OF SKOKIE HIGHWAY; THENCE SOUTH ALONG A LINE DRAWN PARALLEL WITH THE CENTER LINE OF SKOKIE HIGHWAY, A DISTANCE OF 76.85 FEET TO A POINT ON A LINE 325.0 FEET NORMAL TO AND SOUTH OF THE NORTH LINE OF SAID LOTS 10 AND 11; THENCE EAST ALONG SAID LINE DRAWN PARALLEL WITH THE NORTH LINE OF SAID LOTS 10 AND 11, A DISTANCE OF 310.81 FEET TO THE WEST LINE OF SKOKIE HIGHWAY; THENCE NORTH ALONG THE WEST LINE OF SKOKIE HIGHWAY, A DISTANCE OF 245.37 FEET TO A POINT OF CURVATURE IN SAID LINE: THENCE NORTHWESTERLY ALONG A CURVED LINE CONCAVE SOUTHWESTERLY, HAVING A RADIUS OF 52.79 FEET, AN ARC DISTANCE OF 79.19 FEET TO A POINT 40 FEET SOUTH OF THE CENTER LINE OF ILLINOIS ROUTE 173 AS DEDICATED BY DOCUMENT 340057 RECORDED JULY 16, 1929; THENCE EAST PARALLEL WITH THE CENTER LINE OF ILLINOIS ROUTE 173, A DISTANCE OF 49.18 FEET TO A POINT ON A LINE 80.0 FEET WEST (AS MEASURED NORMAL TO) THE CENTER LINE OF SKOKIE HIGHWAY; THENCE NORTH PARALLEL WITH THE CENTER LINE OF SAID SKOKIE HIGHWAY, A DISTANCE OF 31.30 FEET TO THE POINT OF BEGINNING, (EXCEPT THAT PART THEREOF TAKEN BY THE ILLINOIS DEPARTMENT OF TRANSPORTATION IN CONDEMNATION CASE NO. 94ED 19) IN LAKE COUNTY, ILLINOIS;

Property Index Number: 03-16-400-009, 03-16-400-010, 03-16-400-011, 03-16-400-012, 03-16-400-031;

Commonly known as 41490 US Highway 41, Wadsworth, Illinois 60083.

2.     The Property is improved with a gas station.

3.     The Property was last inspected by the court-appointed receiver on October 23, 2014.

Due notice of this motion having been given, the Court, having examined the Report, and being fully advised in the premises, **FINDS AS FOLLOWS**:

A.     That all notices required by Section 1507(c) of the Illinois Mortgage Foreclosure Law ("IMFL") (735 ILCS 5/15-1507(c)) were given;

B.     That the Property is not "Residential Property" at the term is defined in Section 15-1219 of the IMFL (735 ILCS 5/15-1219);

C.     That the right to redemption has been waived pursuant to the mortgage.

D.     That this Court obtained personal jurisdiction over those defendants who are personally liable to the Plaintiff for the deficiency, if any, from the Sale:

E.     That the Sale was fairly and properly made;

F.     That the Sheriff of Lake County has in every respect proceeded in accordance with the terms of this Court's Judgment of Foreclosure;

G.     That the successful third-party bidder, Tajuddin Lakhani, or his assigns, is entitled to a deed of conveyance and possession of the Property; and

H.     That justice was done.

**IT IS THEREFORE ORDERED:**

1.     That the Sale of the Property and the Report are hereby approved, ratified, and confirmed;

2.     That the proceeds of the Sale be distributed in accordance with the Report;

3.     That Plaintiff's advances, fees, and costs arising between the entry of the Judgment of Foreclosure and Sale and the date of the Sale, if any, are approved, ratified, and confirmed;

4.     That the proceeds of the Sale were insufficient to satisfy this Court's Judgment of Foreclosure;

5.     That there shall be an ***in personam*** deficiency judgment entered in favor of Plaintiff and against John Yousefzai and Armanouhi Arzomanian (the "Mortgagors"), jointly and severally, in the sum of **$806,419.46**, with interest thereon as provided by statute, as provided by Section 1508(e) of the IMFL (735 ILCS 5/15-1508(e)); and

6.     That upon confirmation herein and upon request by Plaintiff, and provided that all required payments have been made pursuant to Section 1509(a) of the IMFL, 735 ILCS 5/15-1509(a), the Sheriff of Lake County shall execute and deliver to Tajuddin Lakhani, or his assigns, a deed sufficient to convey title to the Property.

**IT IS FURTHER ORDERED:**

7.     That 735 ILCS 5/9-117 is not applicable to this Order entered pursuant to Article 15 of the IMFL;

8.     That the successful bidder, Tajuddin Lakhani, or his assigns, is entitled to, and shall have possession of, the Property from the entry of this Order, without further Order of the Court, as provided in Section 15-1701 of the IMFL (735 ILCS 5/15-1701);

9.     That in the event possession is withheld, the Sheriff of Lake County is directed to evict and dispossess John Yousefzai, Armanouhi Arzomanian, Mini-Mart, Inc., Norouz

3

Enterprise, Inc., and F S Gas & Food Mart, Inc. from the Property commonly known as 41490 US Highway 41, Wadsworth, Illinois 60083 without a Supplemental Order of Possession or an order from the Forcible Entry and Detainer Court.

10.    That no occupants other than those named in this Order of Possession may be evicted without a Supplemental Order of Possession or an order from the Forcible Entry and Detainer Court.

11.    That Plaintiff shall mail a copy of this Order within seven (7) days to the last known address of the Mortgagors; and

12.    The Municipality or County may contact the following with concerns about the Property:

> Tajuddin Lakhani
> 3501 Cornflower Trail
> Northbrook, IL 60062
> 312-502-4824 (ph)
> 847-336-5019 (fx)

ENTER:

_____
Judge

Date: _____, 2015

Prepared by:
Name:              Brianna M. Sansone (#6298677)
                   Aronberg Goldgehn
Atty. for:         Plaintiff
Address:           330 N. Wabash Ave, Suite 1700
City/State/Zip:    Chicago, Illinois 60611
Telephone:         (312) 828-9600

4

**CERTIFICATION**

I, Keith Brin, Clerk of the 19th Judicial Circuit Court, Lake County, Illinois, do hereby certify this to be a true and correct copy as it appears from the records and files in my office. IN WITNESS WHEREOF, I have hereunto set my hand and caused to be affixed the Seal of the said Court.

DATE 3/23/15

Keith Brin, Clerk

By _____
Deputy Clerk

Memorandum of Judgment

IN THE CIRCUIT COURT OF
LAKE COUNTY, ILLINOIS

FirstMerit Bank, N.A.,

v.

John Yousefzai, Armanouhi
Arzomanian: *et al.*

Image# 053930470006 Type: JUD
Recorded: 05/11/2015 at 11:31:14 AI
Receipt#: 2015-00027355
Page 1 of 6
Fees: $31.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder
File **7193316**

Recorder's Stamp

## Case No. 12 CH 704

## NOTICE OF JUDGEMENT LIEN

On February 5, 2015, a judgment in the amount of $806,419.46 was entered in the Circuit Court of

Lake County in favor of plaintiff FirstMerit Bank, N.A. and against defendant John Yousefzai, whose

last known address is 1130 Ashland Ave., Wilmette, IL 60091. A certified copy of the judgment order is

attached hereto.  This judgment is to be recorded against the individual, John Yousefzai, and is not to be

indexed against the legal description or PIN in the attached order.

**PREPARED BY:**
**Sara E. Lorber, Law Office of William J. Factor, Ltd.**
**Atty No. 45665**
**Attorney for Plaintiff**
**105 W. Madison St., Suite 1500**
**Chicago, IL 60602**
**Tel: 847-239-7248**

**MAIL TO:**
**The Law Office of William J. Factor, Ltd.**
**105 W. Madison St., Suite 1500**
**Chicago, IL 60602**



{00030155}

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS – CHANCERY DIVISION

FILED

FEB 05 2015

*Keith Brin*
CIRCUIT CLERK

FIRSTMERIT BANK, N.A., as successor-in-
interest to the Federal Deposit Insurance
Corporation, as Receiver for Midwest Bank
and Trust Company,

      Plaintiff,

  v.

JOHN YOUSEFZAI, ARMANOUHI
ARZOMANIAN, MINI-MART, INC.,
NOROUZ ENTERPRISES, INC., F S GAS &
FOOD MART, INC., UNKNOWN OWNERS
and NON-RECORD CLAIMANTS,

      Defendants.

Case No.  12 CH 704

41490 U.S. Highway 41
Wadsworth, Illinois 60083

## ORDER APPROVING REPORT OF SALE AND DISTRIBUTION,
## CONFIRMING SALE, AND ORDER FOR POSSESSION

  THIS CAUSE comes to be heard on the motion of FirstMerit Bank N.A., as successor-in-
interest to the Federal Deposit Insurance Corporation, as Receiver for Midwest Bank and Trust
Company ("FirstMerit" or "Mortgagee"), for the entry of an Order pursuant to 735 ILCS 5/15-
1508 approving the Report of Sale and Distribution (the "Report"), and confirming the
foreclosure sale (the "Sale") of the mortgaged real estate (hereinafter described as the
"Property") that is the subject of the matter captioned above.

  1.  The Property is legally described as follows:

  THAT PART OF LOTS 10 AND 11 (TAKEN AS A TRACT) IN SCHOOL
TRUSTEES' SUBDIVISION OF SECTION 16, TOWNSHIP 46 NORTH,
RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS
FOLLOWS: BEGINNING AT THE INTERSECTION OF A LINE WHICH IS
80 FEET WEST (AS MEASURED NORMAL TO) THE CENTERLINE OF
SKOKIE HIGHWAY AS DEDICATED BY DOCUMENT 406898 RECORDED
DECEMBER 5, 1934, WITH THE NORTH LINE OF SAID LOT 10; THENCE
WEST ALONG THE NORTH LINE OF SAID LOTS 10 AND 11, A
DISTANCE OF 220 FEET (220.57 FEET MEASURED) TO A POINT 300
FEET NORMAL TO AND WEST OF THE CENTER LINE OF SKOKIE
HIGHWAY; THENCE SOUTH ALONG A LINE DRAWN PARALLEL WITH
THE CENTER LINE OF SKOKIE HIGHWAY, A DISTANCE OF 249 FEET
TO A POINT; THENCE WEST ALONG A LINE DRAWN PARALLEL WITH
THE NORTH LINE OF SAID LOTS 10 AND 11, A DISTANCE OF 90 FEET
(90.24 FEET MEASURED) TO A POINT ON A LINE 390 FEET NORMAL TO

AND WEST OF THE CENTER LINE OF SKOKIE HIGHWAY; THENCE
SOUTH ALONG A LINE DRAWN PARALLEL WITH THE CENTER LINE
OF SKOKIE HIGHWAY, A DISTANCE OF 76.85 FEET TO A POINT ON A
LINE 325.0 FEET NORMAL TO AND SOUTH OF THE NORTH LINE OF
SAID LOTS 10 AND 11; THENCE EAST ALONG SAID LINE DRAWN
PARALLEL WITH THE NORTH LINE OF SAID LOTS 10 AND 11, A
DISTANCE OF 310.81 FEET TO THE WEST LINE OF SKOKIE HIGHWAY;
THENCE NORTH ALONG THE WEST LINE OF SKOKIE HIGHWAY, A
DISTANCE OF 245.37 FEET TO A POINT OF CURVATURE IN SAID LINE;
THENCE NORTHWESTERLY ALONG A CURVED LINE CONCAVE
SOUTHWESTERLY, HAVING A RADIUS OF 52.79 FEET, AN ARC
DISTANCE OF 79.19 FEET TO A POINT 40 FEET SOUTH OF THE CENTER
LINE OF ILLINOIS ROUTE 173 AS DEDICATED BY DOCUMENT 340057
RECORDED JULY 16, 1929; THENCE EAST PARALLEL WITH THE
CENTER LINE OF ILLINOIS ROUTE 173, A DISTANCE OF 49.18 FEET TO
A POINT ON A LINE 80.0 FEET WEST (AS MEASURED NORMAL TO)
THE CENTER LINE OF SKOKIE HIGHWAY; THENCE NORTH PARALLEL
WITH THE CENTER LINE OF SAID SKOKIE HIGHWAY, A DISTANCE OF
31.30 FEET TO THE POINT OF BEGINNING, (EXCEPT THAT PART
THEREOF TAKEN BY THE ILLINOIS DEPARTMENT OF
TRANSPORTATION IN CONDEMNATION CASE NO. 94ED 19) IN LAKE
COUNTY, ILLINOIS;

Property Index Number: 03-16-400-009, 03-16-400-010, 03-16-400-011, 03-16-
400-012, 03-16-400-031;

Commonly known as 41490 US Highway 41, Wadsworth, Illinois 60083.

2.      The Property is improved with a gas station.

3.      The Property was last inspected by the court-appointed receiver on October 23,
2014.

Due notice of this motion having been given, the Court, having examined the Report, and
being fully advised in the premises, **FINDS AS FOLLOWS**:

A.      That all notices required by Section 1507(c) of the Illinois Mortgage Foreclosure
Law ("IMFL") (735 ILCS 5/15-1507(c)) were given;

B.      That the Property is not "Residential Property" at the term is defined in Section
15-1219 of the IMFL (735 ILCS 5/15-1219);

C.      That the right to redemption has been waived pursuant to the mortgage.

D.      That this Court obtained personal jurisdiction over those defendants who are
personally liable to the Plaintiff for the deficiency, if any, from the Sale;

E.      That the Sale was fairly and properly made;

F.      That the Sheriff of Lake County has in every respect proceeded in accordance with the terms of this Court's Judgment of Foreclosure;

G.      That the successful third-party bidder, Tajuddin Lakhani, or his assigns, is entitled to a deed of conveyance and possession of the Property; and

H.      That justice was done.

**IT IS THEREFORE ORDERED:**

1.      That the Sale of the Property and the Report are hereby approved, ratified, and confirmed;

2.      That the proceeds of the Sale be distributed in accordance with the Report;

3.      That Plaintiff's advances, fees, and costs arising between the entry of the Judgment of Foreclosure and Sale and the date of the Sale, if any, are approved, ratified, and confirmed;

4.      That the proceeds of the Sale were insufficient to satisfy this Court's Judgment of Foreclosure;

5.      That there shall be an ***in personam*** deficiency judgment entered in favor of Plaintiff and against John Yousefzai and Armanouhi Arzomanian (the "Mortgagors"), jointly and severally, in the sum of **$806,419.46**, with interest thereon as provided by statute, as provided by Section 1508(e) of the IMFL (735 ILCS 5/15-1508(e)); and

6.      That upon confirmation herein and upon request by Plaintiff, and provided that all required payments have been made pursuant to Section 1509(a) of the IMFL, 735 ILCS 5/15-1509(a), the Sheriff of Lake County shall execute and deliver to Tajuddin Lakhani, or his assigns, a deed sufficient to convey title to the Property.

**IT IS FURTHER ORDERED:**

7.      That 735 ILCS 5/9-117 is not applicable to this Order entered pursuant to Article 15 of the IMFL;

8.      That the successful bidder, Tajuddin Lakhani, or his assigns, is entitled to, and shall have possession of, the Property from the entry of this Order, without further Order of the Court, as provided in Section 15-1701 of the IMFL (735 ILCS 5/15-1701);

9.      That in the event possession is withheld, the Sheriff of Lake County is directed to evict and dispossess John Yousefzai, Armanouhi Arzomanian, Mini-Mart, Inc., Norouz

3

Enterprise, Inc., and F S Gas & Food Mart, Inc. from the Property commonly known as 41490 US Highway 41, Wadsworth, Illinois 60083 without a Supplemental Order of Possession or an order from the Forcible Entry and Detainer Court.

10.     That no occupants other than those named in this Order of Possession may be evicted without a Supplemental Order of Possession or an order from the Forcible Entry and Detainer Court.

11.     That Plaintiff shall mail a copy of this Order within seven (7) days to the last known address of the Mortgagors; and

12.     The Municipality or County may contact the following with concerns about the Property:

> Tajuddin Lakhani
> 3501 Cornflower Trail
> Northbrook, IL 60062
> 312-502-4824 (ph)
> 847-336-5019 (fx)

ENTER:

_____
Judge

Date: _____, 2015

Prepared by:

| | |
|---|---|
| Name: | Brianna M. Sansone (#6298677) |
| | Aronberg Goldgehn |
| Atty. for: | Plaintiff |
| Address: | 330 N. Wabash Ave, Suite 1700 |
| City/State/Zip: | Chicago, Illinois 60611 |
| Telephone: | (312) 828-9600 |

4

CERTIFICATION

I, Keith Brin, Clerk of the 19th Judicial Circuit Court, Lake County, Illinois, do hereby certify this to be a true and correct copy as it appears from the records and files in my office. IN WITNESS WHEREOF, I have hereunto set my hand and caused to be affixed the Seal of the said Court.

DATE 3|23|15

Keith Brin, Clerk

By

Deputy Clerk

Memorandum of Judgment

IN THE CIRCUIT COURT OF
LAKE COUNTY, ILLINOIS

FirstMerit Bank, N.A.,

v.

John Yousefzai, Armanouhi
Arzomanian; *et al.*

Image# 053930460006 Type: JUD
Recorded: 05/11/2015 at 11:31:14 AI
Receipt#: 2015-00027355
Page 1 of 6
Fees: $31.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder
File **7193315**

Recorder's Stamp

**Case No. 12 CH 704**

### NOTICE OF JUDGEMENT LIEN

On February 5, 2015, a judgment in the amount of $806,419.46 was entered in the Circuit Court of

Lake County in favor of plaintiff FirstMerit Bank, N.A. and against defendant Armanouhi Arzomanian,

whose last known address is 1130 Ashland Ave., Wilmette, IL 60091. A certified copy of the judgment

order is attached hereto.  This judgment is to be recorded against the individual, Armanouhi

Arzomanian, and is not to be indexed against the legal description or PIN in the attached order.

**PREPARED BY:**
**Sara E. Lorber, Law Office of William J. Factor, Ltd.**
**Atty No. 45665**
**Attorney for Plaintiff**
**105 W. Madison St., Suite 1500**
**Chicago, IL 60602**
**Tel: 847-239-7248**

**MAIL TO:**
**The Law Office of William J. Factor, Ltd.**
**105 W. Madison St., Suite 1500**
**Chicago, IL 60602**

{00030158}

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS – CHANCERY DIVISION

F I L E D

FEB 05 2015

*Keith Brin*
CIRCUIT CLERK

FIRSTMERIT BANK, N.A., as successor-in-
interest to the Federal Deposit Insurance
Corporation, as Receiver for Midwest Bank
and Trust Company,

                 Plaintiff,

      v.

JOHN YOUSEFZAI, ARMANOUHI
ARZOMANIAN, MINI-MART, INC.,
NOROUZ ENTERPRISES, INC., F S GAS &
FOOD MART, INC., UNKNOWN OWNERS
and NON-RECORD CLAIMANTS,

                 Defendants.

Case No.  12 CH 704

41490 U.S. Highway 41
Wadsworth, Illinois 60083

## ORDER APPROVING REPORT OF SALE AND DISTRIBUTION, CONFIRMING SALE, AND ORDER FOR POSSESSION

THIS CAUSE comes to be heard on the motion of FirstMerit Bank N.A., as successor-in-
interest to the Federal Deposit Insurance Corporation, as Receiver for Midwest Bank and Trust
Company ("FirstMerit" or "Mortgagee"), for the entry of an Order pursuant to 735 ILCS 5/15-
1508 approving the Report of Sale and Distribution (the "Report"), and confirming the
foreclosure sale (the "Sale") of the mortgaged real estate (hereinafter described as the
"Property") that is the subject of the matter captioned above.

1.     The Property is legally described as follows:

THAT PART OF LOTS 10 AND 11 (TAKEN AS A TRACT) IN SCHOOL
TRUSTEES' SUBDIVISION OF SECTION 16, TOWNSHIP 46 NORTH,
RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS
FOLLOWS: BEGINNING AT THE INTERSECTION OF A LINE WHICH IS
80 FEET WEST (AS MEASURED NORMAL TO) THE CENTERLINE OF
SKOKIE HIGHWAY AS DEDICATED BY DOCUMENT 406898 RECORDED
DECEMBER 5, 1934, WITH THE NORTH LINE OF SAID LOT 10; THENCE
WEST ALONG THE NORTH LINE OF SAID LOTS 10 AND 11, A
DISTANCE OF 220 FEET (220.57 FEET MEASURED) TO A POINT 300
FEET NORMAL TO AND WEST OF THE CENTER LINE OF SKOKIE
HIGHWAY; THENCE SOUTH ALONG A LINE DRAWN PARALLEL WITH
THE CENTER LINE OF SKOKIE HIGHWAY, A DISTANCE OF 249 FEET
TO A POINT; THENCE WEST ALONG A LINE DRAWN PARALLEL WITH
THE NORTH LINE OF SAID LOTS 10 AND 11, A DISTANCE OF 90 FEET
(90.24 FEET MEASURED) TO A POINT ON A LINE 390 FEET NORMAL TO

AND WEST OF THE CENTER LINE OF SKOKIE HIGHWAY; THENCE SOUTH ALONG A LINE DRAWN PARALLEL WITH THE CENTER LINE OF SKOKIE HIGHWAY, A DISTANCE OF 76.85 FEET TO A POINT ON A LINE 325.0 FEET NORMAL TO AND SOUTH OF THE NORTH LINE OF SAID LOTS 10 AND 11; THENCE EAST ALONG SAID LINE DRAWN PARALLEL WITH THE NORTH LINE OF SAID LOTS 10 AND 11, A DISTANCE OF 310.81 FEET TO THE WEST LINE OF SKOKIE HIGHWAY; THENCE NORTH ALONG THE WEST LINE OF SKOKIE HIGHWAY, A DISTANCE OF 245.37 FEET TO A POINT OF CURVATURE IN SAID LINE; THENCE NORTHWESTERLY ALONG A CURVED LINE CONCAVE SOUTHWESTERLY, HAVING A RADIUS OF 52.79 FEET, AN ARC DISTANCE OF 79.19 FEET TO A POINT 40 FEET SOUTH OF THE CENTER LINE OF ILLINOIS ROUTE 173 AS DEDICATED BY DOCUMENT 340057 RECORDED JULY 16, 1929; THENCE EAST PARALLEL WITH THE CENTER LINE OF ILLINOIS ROUTE 173, A DISTANCE OF 49.18 FEET TO A POINT ON A LINE 80.0 FEET WEST (AS MEASURED NORMAL TO) THE CENTER LINE OF SKOKIE HIGHWAY; THENCE NORTH PARALLEL WITH THE CENTER LINE OF SAID SKOKIE HIGHWAY, A DISTANCE OF 31.30 FEET TO THE POINT OF BEGINNING, (EXCEPT THAT PART THEREOF TAKEN BY THE ILLINOIS DEPARTMENT OF TRANSPORTATION IN CONDEMNATION CASE NO. 94ED 19) IN LAKE COUNTY, ILLINOIS;

Property Index Number: 03-16-400-009, 03-16-400-010, 03-16-400-011, 03-16-400-012, 03-16-400-031;

Commonly known as 41490 US Highway 41, Wadsworth, Illinois 60083.

2. The Property is improved with a gas station.

3. The Property was last inspected by the court-appointed receiver on October 23, 2014.

Due notice of this motion having been given, the Court, having examined the Report, and being fully advised in the premises, **FINDS AS FOLLOWS**:

A. That all notices required by Section 1507(c) of the Illinois Mortgage Foreclosure Law ("IMFL") (735 ILCS 5/15-1507(c)) were given;

B. That the Property is not "Residential Property" at the term is defined in Section 15-1219 of the IMFL (735 ILCS 5/15-1219);

C. That the right to redemption has been waived pursuant to the mortgage.

D. That this Court obtained personal jurisdiction over those defendants who are personally liable to the Plaintiff for the deficiency, if any, from the Sale;

2

E.     That the Sale was fairly and properly made;

F.     That the Sheriff of Lake County has in every respect proceeded in accordance with the terms of this Court's Judgment of Foreclosure;

G.     That the successful third-party bidder, Tajuddin Lakhani, or his assigns, is entitled to a deed of conveyance and possession of the Property; and

H.     That justice was done.

**IT IS THEREFORE ORDERED:**

1.     That the Sale of the Property and the Report are hereby approved, ratified, and confirmed;

2.     That the proceeds of the Sale be distributed in accordance with the Report;

3.     That Plaintiff's advances, fees, and costs arising between the entry of the Judgment of Foreclosure and Sale and the date of the Sale, if any, are approved, ratified, and confirmed;

4.     That the proceeds of the Sale were insufficient to satisfy this Court's Judgment of Foreclosure;

5.     That there shall be an *in personam* deficiency judgment entered in favor of Plaintiff and against John Yousefzai and Armanouhi Arzomanian (the "Mortgagors"), jointly and severally, in the sum of **$806,419.46**, with interest thereon as provided by statute, as provided by Section 1508(e) of the IMFL (735 ILCS 5/15-1508(e)); and

6.     That upon confirmation herein and upon request by Plaintiff, and provided that all required payments have been made pursuant to Section 1509(a) of the IMFL, 735 ILCS 5/15-1509(a), the Sheriff of Lake County shall execute and deliver to Tajuddin Lakhani, or his assigns, a deed sufficient to convey title to the Property.

**IT IS FURTHER ORDERED:**

7.     That 735 ILCS 5/9-117 is not applicable to this Order entered pursuant to Article 15 of the IMFL;

8.     That the successful bidder, Tajuddin Lakhani, or his assigns, is entitled to, and shall have possession of, the Property from the entry of this Order, without further Order of the Court, as provided in Section 15-1701 of the IMFL (735 ILCS 5/15-1701);

9.     That in the event possession is withheld, the Sheriff of Lake County is directed to evict and dispossess John Yousefzai, Armanouhi Arzomanian, Mini-Mart, Inc., Norouz

3

Enterprise, Inc., and F S Gas & Food Mart, Inc. from the Property commonly known as 41490 US Highway 41, Wadsworth, Illinois 60083 without a Supplemental Order of Possession or an order from the Forcible Entry and Detainer Court.

   10. That no occupants other than those named in this Order of Possession may be evicted without a Supplemental Order of Possession or an order from the Forcible Entry and Detainer Court.

   11. That Plaintiff shall mail a copy of this Order within seven (7) days to the last known address of the Mortgagors; and

   12. The Municipality or County may contact the following with concerns about the Property:

     Tajuddin Lakhani
     3501 Cornflower Trail
     Northbrook, IL 60062
     312-502-4824 (ph)
     847-336-5019 (fx)

ENTER:

_____
Judge

Date: _____, 2015

Prepared by:
Name:      Brianna M. Sansone (#6298677)
       Aronberg Goldgehn
Atty. for:     Plaintiff
Address:     330 N. Wabash Ave, Suite 1700
City/State/Zip:   Chicago, Illinois 60611
Telephone:    (312) 828-9600



CERTIFICATION

I, Keith Brin, Clerk of the 19th Judicial Circuit Court,
Lake County, Illinois, do hereby certify this to be a true and
correct copy as it appears from the records and files in my
office. IN WITNESS WHEREOF, I have hereunto set my hand
and caused to be affixed the Seal of the said Court.

DATE 3|23|15

*Keith Brin*
Keith Brin, Clerk

By _____
Deputy Clerk

# Exhibit 4

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

**F I L E D**

FirstMerit Bank, N.A. )
)
Judgment Creditor, )
)
vs. )   Case No. 12 CH 704
)
)   MAR 1 0 2015
)
John Yousefzai, Armanouchi Arzomanian, et al. )
)   *Keith Brin*
Judgment Debtor. )   **CIRCUIT CLERK**

19th Judicial Circuit – 18 N County Street, Waukegan, IL 60085

### CITATION NOTICE

**Judgment Debtor's last known:**

Name: John Yousefzai

Address: 1130 Ashland Ave

City, State, Zip: Wilmette, IL 60091

Judgment in the amount of $ 806,419.46

Name of the person receiving Citation: John Yousefzai

Next Court Date: April 7 , 20 14 at 9:00 ☐ AM ☐ PM Courtroom: C-307

**Judgment Creditor's Attorney/Judgment Creditor**

Name: Sara E. Lorber/FactorLaw

Address: 105 W. Madison St., Suite 1500

City, State, Zip: Chicago, IL 60602

NOTICE: The court has issued a citation against the person named above. The citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the Judgment debtor or in which the Judgment debtor has an interest. The citation was issued on the basis of a judgment against judgment debtor in favor of the judgment creditor in the amount stated above. On or after the court date shown above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal law and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME AND ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1)     Under the Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor;  Social Security and SSI benefits;  public assistance benefits;  unemployment compensation benefits;  worker's compensation benefits;  veteran's benefits;  circuit breakers property tax relief benefits;  the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle;  and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of  the trade of the debtor.

(2)     Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3)     Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceeds the total of 45 times the federal minimum hourly wage.

(4)     Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5)     Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

**THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at the office of the Clerk of the Circuit Court, 18 N. County Street, Waukegan, Illinois, 60085. When so notified the Clerk of the Circuit Court will provide a hearing date and the necessary forms that must be prepared by judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor's attorney regarding the time and location of the hearing. This Notice may be sent by regular first class mail.**

171-23a (Rev. 11/13)

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

FirstMerit Bank, N.A. )
)
Plaintiff, )
)
vs. ) Case No. 12 CH 704
)
John Yousefzai, Armanouchi Arzomanian, et al. )
)
Defendant. )

### CITATION TO DISCOVER ASSETS

**TO:** John Yousefzai
**(Name & Address of Defendant or Respondent)**

YOU ARE COMMANDED to appear before the judge presiding in Room C- 307 of Lake County Courthouse, 18 North County Street, Waukegan, Illinois, on April 7 , 20 15 at 9:00 AM/PM to be examined under oath to discover assets or income not exempt from the enforcement of the Judgment.

A judgment against John Yousefzai (judgment debtor) was entered on February 5 , 2015 and $ 812,832.34 remains unsatisfied.

YOU ARE COMMANDED to produce at the examination: all books, papers or records in your possession or control which may contain information concerning the property or income of, or indebtedness due judgment debtor and including the documents contained on the attached **Rider to the Citation to Discover Assets**, which is incorporated by reference and made a part of this order. Please complete the enclosed **Income and Asset Form** and bring it with you to the above referenced hearing.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition or, interfering with, any property not exempt from execution or garnishment belonging to the Judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the Judgment Debtor and from paying over or otherwise disposing of any money not so exempt, which is due the Judgment Debtor, until the further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the balance due.

**WARNING: IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

### CERTIFICATE OF ATTORNEY OR JUDGMENT CREDITOR

Judgment Amount: $ 806,419.46
Date of Judgment/Revival: February 5 , 2015
Name of Court Entering Judgment: Nineteenth Judicial Circuit, Lake County, Illinois

Balance due: $ 812,832.34
Case No.: 12 CH 704

**The undersigned certifies, under penalties provide by law pursuant to 735 ILCS 5/1-109, that the information contained herein is true and correct.**

Attorney/Judgment Creditor
Name: Sara E. Lorber/FactorLaw
Address: 105 W. Madison St., Suite 1500
City, State, Zip Chicago, IL 60602
Phone: 312-373-7227
ARDC: 6229740

WITNESS MAR 1 0 2015

CLERK OF COURT

171-23 (Rev 08/12)

# IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| FirstMerit Bank, N.A., | ) | |
| | ) | |
| Judgment Creditor, | ) | |
| | ) | |
| v. | ) | Case No. 12 CH 704 |
| | ) | |
| John Yousefzai, Armanouchi | ) | |
| Arzomanian, et al., | ) | |
| | ) | |
| Judgment Debtors. | ) | |

## INCOME AND ASSET FORM

To:    John Yousefzai

Please complete this form and bring it with you to the hearing referenced in the enclosed citation notice. You should also bring to the hearing any documents you have to support the information you provide in this form, such as pay stubs and account statements. The information you provide will help the court determine whether you have any property or income that can be used to satisfy the judgment entered against you in this matter.

The information you provide must be accurate to the best of your knowledge.

If you fail to appear at this hearing, you could be held in contempt of court and possibly arrested.

In answer to the citation and supplemental proceedings served upon the judgment debtor, he or she answers as follows:

Name: _____

Home Phone Number: _____

Home Address: _____

_____

Date of Birth: _____

Marital Status: _____

I have _____ dependents

Do you have a job?    ☐ Yes    ☐ No

Company's name I work for: _____

Company's address: _____

_____

{00015092}

<u>Job</u>:

I earn $_____ per _____

If self-employed, list here your business name and address: _____

_____

Income from self employment is $_____ per year.

I have the following benefits with my employer: _____

_____

I do not have a job, but I support myself through:

☐ Government Assistance $_____ per month

☐ Unemployment $_____ per month

☐ Social Security $_____ per month

☐ SSI $_____ per month

☐ Pension $_____ per month

☐ Other $_____ per month

<u>Real Estate</u>:

Do you own any real estate:   ☐ Yes   ☐ No

I own real estate at: _____

_____

with names of other owners: _____

Additional real estate I own: _____

☐ I have a beneficial interest in a land trust.  The name and address of the trustee

is:_____. The beneficial interest is listed in

my name and _____

_____

☐ There is a mortgage on my real estate.  State the mortgage company's name and address for each

parcel of real estate owned: _____

_____

_____

☐ An assignment of beneficial interest in the land trust was signed to secure a loan from_____

_____

{00015092}

I have the following accounts:

☐ Checking account at _____ Account balance $_____

☐ Savings account at _____ Account balance $_____

☐ Money market or certificate of deposit at _____

☐ Safe deposit box at _____

☐ Other accounts (please identify) _____
_____

I own:

☐ A vehicle (state year, make model, and VIN): _____
_____

☐ Jewelry (please specify): _____

☐ Other property described as: _____

☐ Stocks/Bonds _____

☐ Personal Computer

☐ DVD Player

☐ Television

☐ Stove

☐ Microwave

☐ Work tools

☐ Business equipment

☐ Farm equipment: _____

☐ Other property (please specify): _____

Signature: _____
Date: _____

Any action properly initiated under this Section may proceed notwithstanding an absent or incomplete Income and Asset Form, and a judgment debtor may be examined for the purpose of allowing the judgment creditor to discovery income and assets belonging to the judgment debtor or in which the judgment debtor has an interest.

{00015092}

## RIDER TO CITATION TO DISCOVER ASSETS

### I.  DEFINITIONS

1.  "Citation" means the attached Citation to Discover Assets.

2.  "Citation Period" shall have the meaning ascribed thereto in paragraph 1 of the Instruction section of this Rider (Section II).

3.  "Document" or "documents" has the broadest possible meaning and includes the original and any copy, regardless of its origin and location, and includes, without limitation, writings and printed matter, other tangible things, and data stored, maintained or organized electronically, magnetically or through the use of computer equipment, computer memory, computer memory disk, or memory media, whether or not printed, any information which is accessible by reason of any computer or other device and translated, if necessary, by you into a reasonably usable form. Any document containing any alterations, comments, notes or other material not included in the copy or original referred to in the preceding definition shall be deemed a separate document. A document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or to assume that the document is not misleading.

4.  "Titled Property" shall have the meaning ascribed thereto in paragraph 18 of the Documents to be Produced Section of this Rider (Section III).

5.  "You," and its various forms such as "your," means and refers to the recipient of the Citation and identified therein as the Judgment Debtor, and all persons acting or purporting to act on the Judgment Debtor's behalf, including bankers, attorneys, accountants, and all other agents.

### II.  INSTRUCTIONS

1.  **Unless indicated otherwise, the documents to be produced are documents that were created or received by you during the period of January 1, 2009, to the present or that relate to the period of January 1, 2009, to the present (the "*Citation Period*").** By way of example, documents relating to the value of any business entity in which you had an interest during the period of January 1, 2009, to the present, would include appraisals prepared prior to January 1, 2009.

2.  If you do not understand any of the following descriptions of the documents to be produced, you or your counsel should contact counsel for the Judgment Creditor, as identified on the Citation for clarification sufficiently prior to the date of the return date of the Citation.

### III.  DOCUMENTS TO BE PRODUCED

1.  All state and federal income tax returns for any year after 2008 that reference

or contain any information about your assets, liabilities, or income, including, but not limited to, tax returns (state and federal) for businesses or other entities in which you have any interest, whether legal or beneficial.

    2.      All W-2 and 1099 statements.

    3.      All documents that evidence, refer to, reflect or otherwise relate to any and all money earned or received by you, including but not limited to (a) dividends, (b) return of capital, (c) proceeds from the sale of capital assets, (d) gratuities, (e) gifts, and (f) loan proceeds.

    4.      All documents that evidence, refer to, reflect or otherwise relate to money, funds or other assets that you will be entitled to receive in the future, including but not limited to (a) accounts receivable, (b) loans, (c) investments, (d) contracts, (e) trusts, and (f) correspondence.

    5.      All bank statements, canceled checks, check stubs, account ledgers and deposit slips for each checking account in which you have or had any interest whatsoever or on which you have been a signatory.

    6.      All documents that evidence, refer to, reflect or otherwise relate to any savings account, money market account, certificate of deposit, and other similar accounts in which you have or had any interest whatsoever, including but not limited to (a) all monthly, quarterly or annual statements, (b) deposit slips, (c) canceled checks, and (d) documents recording the source of funds deposited into such accounts.

    7.      All documents that evidence, refer to, reflect or otherwise relate to stocks, bonds, commercial paper, debentures and other securities owned by you or in which you have or had any interest whatsoever, including but not limited to (a) stock certificates or other documents evidencing your ownership or interest, and (b) documents related to the value of your interest.

    8.      All documents that evidence, refer to, reflect or otherwise relate to each investment or investment account, stock account, security account, mutual fund, credit union, equity account, money market account, or other account in which you have or had any interest whatsoever, including but not limited to (a) monthly, quarterly or annual statements, (b) deposit slips, (c) canceled checks, and (d) documents recording the source of deposits.

    9.      All documents that evidence, refer to, reflect or otherwise relate to any interest you have in annuities, retirement accounts, Keogh plans, and pension and profit sharing plans, including, but not limited to (a) the governing documents by which the interests were

created or defined and any amendments thereto, (b) certificates or other evidence of participation, (c) documents relating to contributions made to such accounts, and (d) statements of interest as of the date of production.

10.    All documents that evidence, refer to, reflect or otherwise relate to any withdrawals made by you from any retirement, pension, 401(k), or profit sharing account.

11.    All personal financial statements prepared by you or on your behalf during the *past five years*, whether or not submitted to any bank, savings and loan, or other financial institution, and all working papers on which such statements were based.

12.    All documents that evidence, refer to, reflect or otherwise relate to each loan application or financial profile prepared by you or on your behalf for any purpose whatsoever during the *past five years*.

13.    All documents that evidence, refer to, reflect or otherwise relate to any contract entered into by you or anyone acting on your behalf for any real or personal property, including but not limited to, (a) contracts, (b) statements of account, (d) closing documents, (e) appraisals, and (f) leases.

14.    All documents that evidence, refer to, reflect or otherwise relate to any contract entered into by you or anyone acting on your behalf for any real or personal property on account of which obligations thereunder were performed during the Citation Period or will be performed in the future, including but not limited to, (a) contracts, (b) statements of account, (d) closing documents, (e) appraisals, and (f) leases.

15.    All documents that evidence, refer to, reflect or otherwise relate to your ownership, rental or other interest whatsoever in any safe deposit box.

16.    All documents that evidence, refer to, reflect or otherwise relate to any personal property in which you have or had any interest whatsoever and that had an initial purchase price of $5,000 or more or a market value of $5,000 or more during the Citation Period, including but not limited to (a) contracts, (b) documents setting forth (i) the type of property, (ii) showing when the property was purchased, (iii) the purchase price, and (iv) the source of the money that was used to fund the purchase, and (c) any documents related to the sale, transfer or other disposition of such property.

17.    All records reflecting monies or property of any kind in excess of $5,000 transferred by or on your behalf to any person, firm, corporation, other business entity or unit of government, whether in the form of a gift, loan, payment or otherwise, including but not limited to (a) cash, (b) furs, (c) jewelry, (d) clothing, (e) personal effects, (f) securities, (g)

vehicles, (h) boats, and (i) real property.

18.  All documents that evidence, refer to, reflect or otherwise relate to an airplane, jet, motor vehicle, motorcycle, boat or yacht, RV, ATV or other property subject to a certificate of title (collectively, "***Titled Property***"), in which you or any member of your immediate family have or had any interest whatsoever, including but not limited to, (a) contracts, (b) documents containing or identifying (i) a description of the Titled Property, (ii) the purchase price, (iii) when the Titled Property was purchased, (iv) the source of the money that was used to fund the purchase, and (v) whether the Titled Property was owned individually or jointly, and (c) if such Titled Property is no longer owned by you or your family members, all documents related to the sale or transfer of the Titled Property.

19.  All documents that evidence, refer to, reflect or otherwise relate to any real property in which you have or had any interest whatsoever, including but not limited to (a) deeds, (b) mortgages, (c) trust documents (including land trust documents), and (d) leases.

20.  All documents that evidence, refer to, reflect or otherwise relate to any limited liability company, corporation, sole proprietorship, or joint venture in which you have or had any interest, either directly, indirectly or as a beneficiary, including but not limited to (a) operating agreements, (b) stockholder agreements, (c) articles of incorporation, (d) buy-sell agreements, (e) minute books, (d) federal and state tax returns, (e) general ledger and journal documents evidencing your capital or other monetary contributions, (f) documents evidencing your receipt of funds from such entities, (g) reports, appraisals or other documents related to the value of such entities, including written offers to purchase all or part of such entities, (h) reports, appraisals or other documents related to the value of your interests in such entities, (i) reports, appraisals or other documents related to the value of any property (real or personal) owned by such entities, including written offers to purchase such property, (j) copies of titles, deeds or other indicia of ownership of real property owned by such entities, (k) financial statements (including profit and loss statements, balance sheets, cash flow statements, statements of net worth and retained earnings), (l) annual reports on stockholders, investors or partners, (m) federal and state income tax returns filed by such entities (including all supporting documentation and work papers), (n) state sales tax returns, and (o) documents regarding stock options, deferred compensation and payment of dividends.

21.  All documents that evidence, refer to, reflect or otherwise relate to limited partnerships or general partnerships in which you have or had an interest, either as manager or partner, including but not limited to (a) partnership agreements and all amendments thereto, (b) partnership income tax returns, (c) K-1 statements, (d) financial statements (including profit and loss statements, balances sheets, cash flow statements, statements of net

worth and capital accounts), (e) reports, appraisals or other documents related to the value of the partnerships, including written offers to purchase the partnerships' business, (f) reports, appraisals or other documents related to the value of your interest in the partnerships, including written offers to purchase your interest, and (g) reports, appraisals or other documents related to the value of any property (real and personal owned by the partnership, including written offers to purchase such property).

22.     All documents that evidence, refer to, reflect or otherwise relate to any insurance policies (a) owned by you or any entity in which you have an interest or had an interest (alone or with others), (b) under which you or any entity in which you have or had interest is/was a named beneficiary (alone or with others), and (c) in which you have or had any other interest.

23.     All documents that evidence, refer to, reflect or otherwise relate to any money or property you inherited or any interest you have or had in the estate of a deceased person.

24.     All documents that evidence, refer to, reflect or otherwise relate to your interest as a beneficiary in any trust, including land trusts, including but not limited to (a) trust documents, (b) documents showing the identity and address of the trustee(s), and (c) documents evidencing the assets and business of such trusts.

25.     All documents that evidence, refer to, reflect or otherwise relate to any expectancy from inheritance, insurance claims, damage or injury suit, including, but not limited to (a) wills, (b) insurance claims and all communications with insurers, (c) documents filed in any lawsuit, or (d) documents relating to your any injuries.

26.     All judgments to which you claim to have an ownership interest.

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS**

FirstMerit Bank, N.A.　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　 Judgment Creditor.　 )
　　　　　　　　 vs.　　　　　　　　　　　 )　Case No. 12 CH 704
　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　 )
John Yousefzai, Armanouchi Arzomanian, et al.　 )
　　　　　　　　　　　 Judgment Debtor.　　 )

**F I L E D**

MAR 1 0 2015

*Keith —*
**CIRCUIT CLERK**

19th Judicial Circuit – 18 N County Street, Waukegan, IL 60085

## CITATION NOTICE

| Judgment Debtor's last known: | Judgment Creditor's Attorney/Judgment Creditor |
|---|---|
| Name: Armanouchi Arzomanian | Name: Sara E. Lorber/FactorLaw |
| Address: 1130 Ashland Ave | Address: 105 W. Madison St., Suite 1500 |
| City, State, Zip: Wilmette, IL 60091 | City, State, Zip Chicago, IL 60602 |

Judgment in the amount of $ 806,419.46

Name of the person receiving Citation: Armanouchi Arzomanian

Next Court Date: April 7 _____ , 20 15 at 9:00 ☐ AM ☐ PM Courtroom: C-307 _____

NOTICE: The court has issued a citation against the person named above. The citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the Judgment debtor or in which the Judgment debtor has an interest. The citation was issued on the basis of a judgment against judgment debtor in favor of the judgment creditor in the amount stated above. On or after the court date shown above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal law and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME AND ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1)　Under the Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veteran's benefits; circuit breakers property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle; and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2)　Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3)　Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceeds the total of 45 times the federal minimum hourly wage.

(4)　Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5)　Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

**THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at the office of the Clerk of the Circuit Court, 18 N. County Street, Waukegan, Illinois, 60085. When so notified the Clerk of the Circuit Court will provide a hearing date and the necessary forms that must be prepared by judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor's attorney regarding the time and location of the hearing. This Notice may be sent by regular first class mail.**

171-23a (Rev. 11/13)

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

FirstMerit Bank, N.A.

_____

Plaintiff,

vs.

John Yousefzai, Armanouchi Arzomanian, et al.

_____

Defendant.

Case No. 12 CH 704 _____

### CITATION TO DISCOVER ASSETS

**TO:** Armanouchi Arzomanian _____

### (Name & Address of Defendant or Respondent)

YOU ARE COMMANDED to appear before the judge presiding in Room C- 307 of Lake County Courthouse, 18 North _____ County Street, Waukegan, Illinois, on April 7 _____, 20 15 at 9:00 AM/PM to be examined under oath to discover assets or income not exempt from the enforcement of the Judgment.

A judgment against Armanouchi Arzomanian _____ (judgment debtor) was entered on February 5 , 2015 and $ 812,832.34 remains unsatisfied.

YOU ARE COMMANDED to produce at the examination: all books, papers or records in your possession or control which may contain information concerning the property or income of, or indebtedness due judgment debtor and including the documents contained on the attached **Rider to the Citation to Discover Assets**, which is incorporated by reference and made a part of this order. Please complete the enclosed **Income and Asset Form** and bring it with you to the above referenced hearing.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition or, interfering with, any property not exempt from execution or garnishment belonging to the Judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the Judgment Debtor and from paying over or otherwise disposing of any money not so exempt, which is due the Judgment Debtor, until the further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the balance due.

**WARNING: IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

### CERTIFICATE OF ATTORNEY OR JUDGMENT CREDITOR

Judgment Amount: $ 806,419.46 _____

Date of Judgment/Revival: February 5 , 2015

Name of Court Entering Judgment: Nineteenth Judicial Circuit, Lake County, Illinois

Balance due: $ 812,832.34 _____

Case No.: 12 CH 704 _____

**The undersigned certifies, under penalties provided by law pursuant to 735 ILCS 5/1-109, that the information contained herein is true and correct.**

Attorney/Judgment Creditor
Name: Sara E. Lorber/FactorLaw

Address: 105 W. Madison St., Suite 1500

City, State, Zip Chicago, IL 60602

Phone: 312-373-7227

ARDC: 6229740

WITNESS: MAR 1 0 2015

**CLERK OF COURT**

171-23 (Rev 08/12)

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| FirstMerit Bank, N.A., | ) | |
| | ) | |
| Judgment Creditor, | ) | |
| | ) | |
| v. | ) | Case No. 12 CH 704 |
| | ) | |
| John Yousefzai, Armanouchi | ) | |
| Arzomanian, et al., | ) | |
| | ) | |
| Judgment Debtors. | ) | |

### INCOME AND ASSET FORM

To:    Armanouchi Arzomanian

Please complete this form and bring it with you to the hearing referenced in the enclosed citation notice. You should also bring to the hearing any documents you have to support the information you provide in this form, such as pay stubs and account statements. The information you provide will help the court determine whether you have any property or income that can be used to satisfy the judgment entered against you in this matter.

The information you provide must be accurate to the best of your knowledge.

If you fail to appear at this hearing, you could be held in contempt of court and possibly arrested.

In answer to the citation and supplemental proceedings served upon the judgment debtor, he or she answers as follows:

Name: _____

Home Phone Number: _____

Home Address: _____

_____

Date of Birth: _____

Marital Status: _____

I have _____ dependents

Do you have a job?    ☐ Yes    ☐ No

Company's name I work for: _____

Company's address: _____

_____

{00015092}

Job:

I earn $_____ per _____

If self-employed, list here your business name and address: _____

_____

Income from self employment is $_____ per year.

I have the following benefits with my employer: _____

_____


I do not have a job, but I support myself through:

☐ Government Assistance $_____ per month

☐ Unemployment $_____ per month

☐ Social Security $_____ per month

☐ SSI $_____ per month

☐ Pension $_____ per month

☐ Other $_____ per month

Real Estate:

Do you own any real estate:    ☐ Yes    ☐ No

I own real estate at: _____

_____

with names of other owners: _____

Additional real estate I own: _____

_____

☐ I have a beneficial interest in a land trust.  The name and address of the trustee

is:_____. The beneficial interest is listed in

my name and _____

_____


☐ There is a mortgage on my real estate.  State the mortgage company's name and address for each

parcel of real estate owned: _____

_____

_____

☐ An assignment of beneficial interest in the land trust was signed to secure a loan from_____

_____


{00015092}

I have the following accounts:

☐ Checking account at _____ Account balance $_____

☐ Savings account at _____ Account balance $_____

☐ Money market or certificate of deposit at _____

☐ Safe deposit box at _____

☐ Other accounts (please identify)_____
_____


I own:

☐ A vehicle (state year, make model, and VIN): _____
_____

☐ Jewelry (please specify): _____

☐ Other property described as:_____

☐ Stocks/Bonds _____

☐ Personal Computer

☐ DVD Player

☐ Television

☐ Stove

☐ Microwave

☐ Work tools

☐ Business equipment

☐ Farm equipment: _____

☐ Other property (please specify): _____


Signature: _____
Date:_____


Any action properly initiated under this Section may proceed notwithstanding an absent or incomplete Income and Asset Form, and a judgment debtor may be examined for the purpose of allowing the judgment creditor to discovery income and assets belonging to the judgment debtor or in which the judgment debtor has an interest.

{00015092}

## RIDER TO CITATION TO DISCOVER ASSETS

**I.   DEFINITIONS**

      1.     "Citation" means the attached Citation to Discover Assets.

      2.     "Citation Period" shall have the meaning ascribed thereto in paragraph 1 of the Instruction section of this Rider (Section II).

      3.     "Document" or "documents" has the broadest possible meaning and includes the original and any copy, regardless of its origin and location, and includes, without limitation, writings and printed matter, other tangible things, and data stored, maintained or organized electronically, magnetically or through the use of computer equipment, computer memory, computer memory disk, or memory media, whether or not printed, any information which is accessible by reason of any computer or other device and translated, if necessary, by you into a reasonably usable form. Any document containing any alterations, comments, notes or other material not included in the copy or original referred to in the preceding definition shall be deemed a separate document. A document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or to assume that the document is not misleading.

      4.     "Titled Property" shall have the meaning ascribed thereto in paragraph 18 of the Documents to be Produced Section of this Rider (Section III).

      5.     "You," and its various forms such as "your," means and refers to the recipient of the Citation and identified therein as the Judgment Debtor, and all persons acting or purporting to act on the Judgment Debtor's behalf, including bankers, attorneys, accountants, and all other agents.

**II.   INSTRUCTIONS**

      1.     **Unless indicated otherwise, the documents to be produced are documents that were created or received by you during the period of January 1, 2009, to the present or that relate to the period of January 1, 2009, to the present (the "*Citation Period*").** By way of example, documents relating to the value of any business entity in which you had an interest during the period of January 1, 2009, to the present, would include appraisals prepared prior to January 1, 2009.

      2.     If you do not understand any of the following descriptions of the documents to be produced, you or your counsel should contact counsel for the Judgment Creditor, as identified on the Citation for clarification sufficiently prior to the date of the return date of the Citation.

**III.   DOCUMENTS TO BE PRODUCED**

      1.     All state and federal income tax returns for any year after 2008 that reference

or contain any information about your assets, liabilities, or income, including, but not limited to, tax returns (state and federal) for businesses or other entities in which you have any interest, whether legal or beneficial.

    2.      All W-2 and 1099 statements.

    3.      All documents that evidence, refer to, reflect or otherwise relate to any and all money earned or received by you, including but not limited to (a) dividends, (b) return of capital, (c) proceeds from the sale of capital assets, (d) gratuities, (e) gifts, and (f) loan proceeds.

    4.      All documents that evidence, refer to, reflect or otherwise relate to money, funds or other assets that you will be entitled to receive in the future, including but not limited to (a) accounts receivable, (b) loans, (c) investments, (d) contracts, (e) trusts, and (f) correspondence.

    5.      All bank statements, canceled checks, check stubs, account ledgers and deposit slips for each checking account in which you have or had any interest whatsoever or on which you have been a signatory.

    6.      All documents that evidence, refer to, reflect or otherwise relate to any savings account, money market account, certificate of deposit, and other similar accounts in which you have or had any interest whatsoever, including but not limited to (a) all monthly, quarterly or annual statements, (b) deposit slips, (c) canceled checks, and (d) documents recording the source of funds deposited into such accounts.

    7.      All documents that evidence, refer to, reflect or otherwise relate to stocks, bonds, commercial paper, debentures and other securities owned by you or in which you have or had any interest whatsoever, including but not limited to (a) stock certificates or other documents evidencing your ownership or interest, and (b) documents related to the value of your interest.

    8.      All documents that evidence, refer to, reflect or otherwise relate to each investment or investment account, stock account, security account, mutual fund, credit union, equity account, money market account, or other account in which you have or had any interest whatsoever, including but not limited to (a) monthly, quarterly or annual statements, (b) deposit slips, (c) canceled checks, and (d) documents recording the source of deposits.

    9.      All documents that evidence, refer to, reflect or otherwise relate to any interest you have in annuities, retirement accounts, Keogh plans, and pension and profit sharing plans, including, but not limited to (a) the governing documents by which the interests were

created or defined and any amendments thereto, (b) certificates or other evidence of participation, (c) documents relating to contributions made to such accounts, and (d) statements of interest as of the date of production.

10.     All documents that evidence, refer to, reflect or otherwise relate to any withdrawals made by you from any retirement, pension, 401(k), or profit sharing account.

11.     All personal financial statements prepared by you or on your behalf during the *past five years*, whether or not submitted to any bank, savings and loan, or other financial institution, and all working papers on which such statements were based.

12.     All documents that evidence, refer to, reflect or otherwise relate to each loan application or financial profile prepared by you or on your behalf for any purpose whatsoever during the *past five years*.

13.     All documents that evidence, refer to, reflect or otherwise relate to any contract entered into by you or anyone acting on your behalf for any real or personal property, including but not limited to, (a) contracts, (b) statements of account, (d) closing documents, (e) appraisals, and (f) leases.

14.     All documents that evidence, refer to, reflect or otherwise relate to any contract entered into by you or anyone acting on your behalf for any real or personal property on account of which obligations thereunder were performed during the Citation Period or will be performed in the future, including but not limited to, (a) contracts, (b) statements of account, (d) closing documents, (e) appraisals, and (f) leases.

15.     All documents that evidence, refer to, reflect or otherwise relate to your ownership, rental or other interest whatsoever in any safe deposit box.

16.     All documents that evidence, refer to, reflect or otherwise relate to any personal property in which you have or had any interest whatsoever and that had an initial purchase price of $5,000 or more or a market value of $5,000 or more during the Citation Period, including but not limited to (a) contracts, (b) documents setting forth (i) the type of property, (ii) showing when the property was purchased, (iii) the purchase price, and (iv) the source of the money that was used to fund the purchase, and (c) any documents related to the sale, transfer or other disposition of such property.

17.     All records reflecting monies or property of any kind in excess of $5,000 transferred by or on your behalf to any person, firm, corporation, other business entity or unit of government, whether in the form of a gift, loan, payment or otherwise, including but not limited to (a) cash, (b) furs, (c) jewelry, (d) clothing, (e) personal effects, (f) securities, (g)

vehicles, (h) boats, and (i) real property.

18.    All documents that evidence, refer to, reflect or otherwise relate to an airplane, jet, motor vehicle, motorcycle, boat or yacht, RV, ATV or other property subject to a certificate of title (collectively. "***Titled Property***"), in which you or any member of your immediate family have or had any interest whatsoever, including but not limited to, (a) contracts, (b) documents containing or identifying (i) a description of the Titled Property, (ii) the purchase price, (iii) when the Titled Property was purchased, (iv) the source of the money that was used to fund the purchase, and (v) whether the Titled Property was owned individually or jointly, and (c) if such Titled Property is no longer owned by you or your family members, all documents related to the sale or transfer of the Titled Property.

19.    All documents that evidence, refer to, reflect or otherwise relate to any real property in which you have or had any interest whatsoever, including but not limited to (a) deeds, (b) mortgages, (c) trust documents (including land trust documents), and (d) leases.

20.    All documents that evidence, refer to, reflect or otherwise relate to any limited liability company, corporation, sole proprietorship, or joint venture in which you have or had any interest, either directly, indirectly or as a beneficiary, including but not limited to (a) operating agreements, (b) stockholder agreements, (c) articles of incorporation, (d) buy-sell agreements, (e) minute books, (d) federal and state tax returns, (e) general ledger and journal documents evidencing your capital or other monetary contributions, (f) documents evidencing your receipt of funds from such entities, (g) reports, appraisals or other documents related to the value of such entities, including written offers to purchase all or part of such entities, (h) reports, appraisals or other documents related to the value of your interests in such entities, (i) reports, appraisals or other documents related to the value of any property (real or personal) owned by such entities, including written offers to purchase such property, (j) copies of titles, deeds or other indicia of ownership of real property owned by such entities, (k) financial statements (including profit and loss statements, balance sheets, cash flow statements, statements of net worth and retained earnings), (l) annual reports on stockholders, investors or partners, (m) federal and state income tax returns filed by such entities (including all supporting documentation and work papers), (n) state sales tax returns, and (o) documents regarding stock options, deferred compensation and payment of dividends.

21.    All documents that evidence, refer to, reflect or otherwise relate to limited partnerships or general partnerships in which you have or had an interest, either as manager or partner, including but not limited to (a) partnership agreements and all amendments thereto, (b) partnership income tax returns, (c) K-1 statements, (d) financial statements (including profit and loss statements, balances sheets, cash flow statements, statements of net

worth and capital accounts), (e) reports, appraisals or other documents related to the value of the partnerships, including written offers to purchase the partnerships' business, (f) reports, appraisals or other documents related to the value of your interest in the partnerships, including written offers to purchase your interest, and (g) reports, appraisals or other documents related to the value of any property (real and personal owned by the partnership, including written offers to purchase such property).

22.    All documents that evidence, refer to, reflect or otherwise relate to any insurance policies (a) owned by you or any entity in which you have an interest or had an interest (alone or with others), (b) under which you or any entity in which you have or had interest is/was a named beneficiary (alone or with others), and (c) in which you have or had any other interest.

23.    All documents that evidence, refer to, reflect or otherwise relate to any money or property you inherited or any interest you have or had in the estate of a deceased person.

24.    All documents that evidence, refer to, reflect or otherwise relate to your interest as a beneficiary in any trust, including land trusts, including but not limited to (a) trust documents, (b) documents showing the identity and address of the trustee(s), and (c) documents evidencing the assets and business of such trusts.

25.    All documents that evidence, refer to, reflect or otherwise relate to any expectancy from inheritance, insurance claims, damage or injury suit, including, but not limited to (a) wills, (b) insurance claims and all communications with insurers, (c) documents filed in any lawsuit, or (d) documents relating to your any injuries.

26.    All judgments to which you claim to have an ownership interest.